LOTTINGER, Judge.
This action originated as a suit for separation from bed and board instituted by Summers Picou against his wife, Mrs. Edith Antill Picou by default judgment rendered October 9, 1958. The plaintiff was granted a separation together with the permanent care, custody and control of the three minor children of the marriage, namely: Reginald, Alice and Ronald Picou, as prayed for. ,
On October 10, 1959, the plaintiff filed a petition seeking a divorce on the grounds that one year had elapsed from the date of separation from bed and board and that no reconciliation had taken place. Following the filing of an amending petition, judgment was rendered by default in favor of plaintiff awarding him the divorce from defendant and also awarding him the permanent care, custody and control of the minor children of the marriage as prayed for.
On March 18, 1960, upon motion of the defendant, Mrs. Edith Antill Picou, a rule issued to fix the right of visitation and by virtue of a judgment rendered on said rule, on March 29, 1960, Mrs. Picou was awarded certain rights of visitation as therein set forth.
On October 15, 1962, Mrs. Picou filed a petition praying that a rule issue directed to her husband to show cause why she should not be granted the permanent care, *871 custody and control of the aforesaid minors. In due course, that is, on January 4, 1963, the rule for custody was heard, following which the Trial Judge ruled in favor of Mr. Summers Picou dismissing the rule. The wife, Mrs. Edith Antill Picou has appealed.
The law with respect to a change in custody was recently reveiwed by us in the case of Hanks v. Hanks, La.App., 138 So.2d 19, wherein we quoted from Gentry v. Gentry, La.App., 136 So.2d 418, as follows:
“The changes contemplated by law as justification for depriving a parent of custody previously granted by judicial decree, do not solely concern changes in the circumstances of the party seeking custody but equally (if not more important) changes attending conditions affecting the party to whom custody was initially granted. In such instances, the party requesting a change in custody must establish not only his or her ability to provide for the child but also show that because of material changes which have occurred since the initial decree the best interest and welfare of the child has been placed in jeopardy and, therefore, in the interest of the child’s welfare revision of the initial judgment is warranted.”
Following the trial of the rule the Trial Judge made the following observation:
“I will say this in all sincerity. I have listened to the case very attentively and I think all we are trying today is the right of a parent to correct his child, to discipline his child. Now, it may be that he whipped the child on that one occasion a little too hard, but it certainly isn’t sufficient to brand him as a brutal and inhumane father. Now, this man has been father and mother to these children. I have known him for many, many years. We have had a great deal of testimony on a prior hearing as to what Mr. Picou does with his children and I think I am in a position to know what he does. All we are trying today is the right of a parent to correct a child. Now, if because a parent whips a child on one occasion a little too hard that we will remove the custody from him, then certainly he won’t be in a position to ever discipline him. So I say that the rule should be dismissed — .”
The record reflects no material factual dispute. It does reflect, as indicated by the Trial Judge, that on one occasion Mr. Picou was somewhat harsh in disciplining two of the children. The record positively does not reflect a material change in Mr. Picou’s home, but, on the contrary, shows that conditions therein have not changed. The most that can be said for the mother’s case is, as indicated previously, that she has shown where the father was perhaps too harsh with one of the children on one occasion. Such an occurence certainly does not warrant a change in the custody previously granted and the ruling of the Trial Judge was, therefore, obviously correct.
For the reasons assigned, the judgment appealed from is affirmed.
Judgment affirmed.